IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **AMBER L. CHRISTIAN,** | 08-CV-110-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>**Commissioner, Social Security**<br>**Administration,** | |
| Defendant. | |

**MERRILL SCHNEIDER**
Schneider Law Offices
14415 S.E. Stark
P.O. Box 16310
Portland, OR 97292

**LINDA S. ZISKIN**
3 Monroe Parkway
Suite P
Lake Oswego, OR 97035
(503) 889-0472

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

       Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Amber L. Christian seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

2 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for DIB and SSI on January 9, 2004, alleging a disability onset date of January 5, 2003. Tr. 28.[1] The applications were denied initially and on reconsideration. Tr. 28-29. An Administrative Law Judge (ALJ) held a hearing on August 2, 2006. Tr. 446-491. At the hearing, Plaintiff was represented and Plaintiff and a vocational expert (VE) testified. Tr. 446-491.

The ALJ issued an opinion on September 22, 2006, in which he found Plaintiff was not disabled. Tr. 17-27.

The ALJ's decision became the final decision of the Commissioner on November 30, 2007, when the Appeals Council denied Plaintiff's request for review. Tr. 5-7.

## BACKGROUND

Plaintiff was born on May 26, 1982, and was 24 years old at the time of the hearing. Tr. 29, 455. Plaintiff completed a GED and some college classes. Tr. 455. Plaintiff has past relevant work experience as a photo-lab technician, "pizza clerk," cashier, and produce clerk. Tr. 482-83.

Plaintiff alleges disability due to a major depressive disorder, a personality disorder, substance-abuse disorder in

---

[1] Citations to the official transcript of record filed by the Commissioner on May 6, 2008, are referred to as "Tr."

3 - OPINION AND ORDER

sustained remission, attention-deficit hyperactivity disorder, and an anxiety disorder.  Tr. 19.

The ALJ found Plaintiff has the severe impairments of major depressive disorder, a personality disorder, substance-abuse disorder in sustained remission.  Tr. 19.  The ALJ also found the remainder of Plaintiff's alleged conditions are not severe. Tr. 19.  The ALJ concluded Plaintiff is not disabled on the ground that she retains the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy.  Tr. 25.  Accordingly, the ALJ determined Plaintiff is not entitled to benefits.  Tr. 25-26.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-25.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."

4 - OPINION AND ORDER

42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5 - OPINION AND ORDER

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20

7 - OPINION AND ORDER

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since her January 5, 2003, onset date.  Tr. 19.

At Step Two, the ALJ found Plaintiff has the severe impairments of major depressive disorder, a personality disorder, and substance-abuse disorder in sustained remission.  Tr. 19.  The ALJ concluded the remainder of Plaintiff's alleged conditions are not severe.  Tr. 19.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed Plaintiff's RFC and found Plaintiff had the capacity to perform work that required "unlimited exertion with vocational non-

8 - OPINION AND ORDER


exertional limitations." The ALJ also found Plaintiff could perform work that does not require "tasking interaction" with the general public and she would work best in "tasking done alone without the need for team-tasking of more than limited interaction with co-workers." Tr. 24.

At Step Four, the ALJ found Plaintiff is not able to perform her past relevant work. Tr. 25.

At Step Five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies. Tr. 25. Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 25-26.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed (1) to give sufficient reasons for rejecting the opinion of Plaintiff's treating physician and (2) to include Plaintiff's limitations from her alleged anxiety disorder and back pain in her RFC.

**I.  The ALJ did not err when he gave "little weight" to the opinion of Plaintiff's treating physician.**

Plaintiff asserts the ALJ failed to give sufficient reasons for rejecting the opinion of Paul Leung, M.D., Plaintiff's treating physician, as to Plaintiff's alleged anxiety disorder.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other

9 - OPINION AND ORDER

treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Id*.  *See also Lester*, 81 F.3d at 830-32.

    A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

    On January 12, 2005, Dr. Leung examined Plaintiff for an initial screening to begin primary-care services.  Dr. Leung

assigned Plaintiff a GAF score[2] of 60, which indicates some mild symptoms (*e.g.*, depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning, but generally functioning well including some meaningful inter-personal relationships. Tr. 410. Dr. Leung opined Plaintiff suffered from

> [d]ysthymic disorder, at times with depression superimposed upon it; Probably PTSD, but no active symptoms at this point; anxiety disorder at times with anxiety attacks; Past history of drug abuse, methamphetamine, but clean from drug use for three years; [and] Borderline personality traits, if not disorder.

Tr. 410.

The ALJ gave "little weight" to Dr. Leung's diagnoses and pointed out they are "somewhat equivocal with descriptions of 'probable,' 'at times,' and 'if not disorder.'" Tr. 22. The ALJ noted equivocal diagnoses are acceptable in initial mental-health screenings, but they "are of little evidentiary value in reaching a determination of disability." Tr. 22. The ALJ also noted Plaintiff saw Jane Starbird, Ph.D., in April 2004 for a psychodiagnostic evaluation. Plaintiff reported at the time that she was depressed, drank excessively until December 2003, and suffered from anxiety. Dr. Starbird opined Plaintiff suffered

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994)(*DSM-IV*) at 30-32.

11 - OPINION AND ORDER

from a major depressive disorder, borderline personality disorder, and alcohol dependence in "early remission." Tr. 261. Dr. Starbird, however, declined to diagnose Plaintiff with an anxiety disorder.

The ALJ also considered the Mental Residual Functional Capacity Assessment (MRFCA) completed by the SSA nonexamining psychologists and noted it indicated Plaintiff was not markedly limited in any category; was moderately limited in her ability to understand and to remember detailed instructions, to work in coordination with or proximity to others without being distracted by them, to interact appropriately with the public, and to set realistic goals or to make plans independently of others; and was not significantly limited in any other category. Tr. 263-82.

Finally, the Court notes Dr. Leung assessed Plaintiff with GAF scores between 54 and 60 from May 2005 to October 2005. Tr. 357, 380, 393. Dr. Leung, however, based his assessments on Plaintiff's depression, nightmares, and anger-management issues rather than anxiety.

On this record, the Court concludes the ALJ did not err when he gave little weight to the January 2005 opinion of Dr. Leung as to Plaintiff's alleged anxiety disorder because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

12 - OPINION AND ORDER

**II.  The ALJ's RFC Assessment and Step-Five Conclusions**.

Plaintiff contends the ALJ erred when he omitted Plaintiff's exertional limitations based on back pain; Plaintiff's limitations in concentration, persistence, and pace; and "limitations with regard to decompensation" from his RFC assessment of Plaintiff and his hypothetical to the VE.

The ALJ's RFC assessment and hypothetical to the VE must include the limitations "the ALJ found credible and supported by substantial evidence in the record." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

    **A.  Plaintiff's back pain**.

The ALJ did not include any exertional limitations in Plaintiff's RFC based on Plaintiff's allegation of back pain. The ALJ noted the medical record contains only one reported complaint by Plaintiff of back pain, and that complaint occurred when Plaintiff was five months pregnant. None of Plaintiff's treating physicians diagnosed her with any continuing condition related to back pain, and Plaintiff did not allege back pain as a basis for her request for DIB or SSI in her applications.

The Court, therefore, concludes the ALJ did not err when he failed to include any exertional limitations based on Plaintiff's alleged back pain in Plaintiff's RFC because the ALJ's decision is supported by substantial evidence in the record.

13 - OPINION AND ORDER

Case 3:08-cv-00110-BR    Document 18    Filed 02/06/09    Page 14 of 16

**B.    Limitations in concentration, persistence, and pace.**

Plaintiff asserts the ALJ erred when he failed to include limitations in concentration, persistence, and pace in his RFC assessment and his hypothetical to the VE.  Plaintiff notes the SSA nonexamining psychologist opined in his Psychiatric Review Technique Form (PRTF) that Plaintiff suffered from moderate deficiencies in concentration, persistence, and pace.

In Social Security Ruling 96-8p the Commissioner advised adjudicators such as ALJs that

> the Psychiatric Review Technique Form (PRTF) requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings.  The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.  The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

Thus, the Commissioner has advised ALJs that RFC findings arise from the MRFCA rather than the PRTF.  Here the ALJ properly included Plaintiff's limitations from the MRFCA in his RFC assessment and in his hypothetical to the VE.

Accordingly, the Court concludes the ALJ did not err when he omitted the limitations on the PRTF in his RFC assessment

14 - OPINION AND ORDER

and hypothetical to the VE.

### C. Limitations "with regard to decompensation."

Plaintiff also contends the ALJ erred when he failed to include "limitations with regard to decompensations" in his hypothetical to the VE. Specifically, Plaintiff notes the SSA nonexamining psychologist noted in Plaintiff's PRTF that Plaintiff experienced three decompensations. Plaintiff contends the ALJ should have included a limitation based on a propensity to decompensate in his hypothetical to the VE.

As noted, the criteria in the PRTF do not constitute RFC findings, and the MRFCA did not include limitations based on decompensation. In addition, the ALJ considered Plaintiff's episodes of decompensation and also noted Plaintiff received electroconvulsive shock therapy (ECT) after she decompensated in January and December 2003. In February 2003 after Plaintiff received ECT, her treating mental-health physician, Michael Stein, M.D., opined Plaintiff would be able to return to work by July 2004. Finally, the ALJ found Plaintiff was able to participate in social and therapeutic activities, exercise regularly, care for her son, and maintain family relationships after Plaintiff experienced these episodes of decompensation and received treatment.

On this record, the Court concludes the ALJ did not err when he omitted limitations due to decompensation in his RFC

15 - OPINION AND ORDER

assessment and in his hypothetical to the VE because the MRFCA did not include any limitations relating to decompensation and there was substantial evidence in the record to support ALJ's decision.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 5th day of February, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge